**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
                    *Plaintiff-Appellee,*

v.                                              No. 99-4904

JAMES E. BUONASERA,
                    *Defendant-Appellant.*

UNITED STATES OF AMERICA,
                    *Plaintiff-Appellee,*

v.                                              No. 99-4907

TERRY LEE SHAMBLIN, JR.,
                    *Defendant-Appellant.*

UNITED STATES OF AMERICA,
                    *Plaintiff-Appellee,*

v.                                              No. 99-4940

JONATHAN H. BUONASERA,
                    *Defendant-Appellant.*

Appeals from the United States District Court
for the Southern District of West Virginia, at Charleston.
John T. Copenhaver, Jr., District Judge.
(CR-99-124)

Submitted: December 29, 2000

Decided: January 19, 2001

Before WIDENER, MICHAEL, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Clinton W. Smith, Charleston, South Carolina, for Appellants. Rebecca A. Betts, United States Attorney, Steven I. Loew, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Jonathan Buonasera, James Buonasera, and Terry Shamblin each pled guilty to one count of aiding and abetting the theft of firearms from a federally licensed firearms dealer, in violation of 18 U.S.C. § 922(u) (1994). The district court sentenced Jonathan Buonasera to twenty-four months imprisonment, James Buonasera to twenty-one months imprisonment, and Shamblin to thirty months imprisonment, each followed by three years of supervised release. They appeal, claiming that the district court improperly applied a four-level enhancement to their sentences under *U.S. Sentencing Guidelines Manual* § 2K2.1(b)(5) (1998). We affirm.

On June 23, 1999, the Defendants broke into Steven's Gun Store in Charleston, West Virginia, and stole twelve firearms. Later, the Defendants traded three of the firearms for an "eight-ball" of crack cocaine (3.5 grams), which they consumed that evening. At sentencing, each of the Defendants received a four-level increase under § 2K2.1(b)(5) because they used or possessed firearms during the commission of another felony offense.

This court reviews a district court's findings of fact for clear error and gives due deference to the district court's application of the

guidelines to the facts. *United States v. Daughtrey*, 874 F.2d 213, 217 (4th Cir. 1989). Section 2K2.1(b)(5) provides for a four-level enhancement "[i]f the defendant used or possessed any firearm or ammunition in connection with another felony offense." The term "felony offense" is not limited to the offense of conviction, but rather refers to all relevant conduct. *United States v. Bostic*, 168 F.3d 718, 723 (4th Cir. 1999).

Three of the stolen firearms were traded for crack cocaine. The Defendants argue that, because the drugs were obtained for personal use, the firearms were not used in connection with a drug trafficking offense. However, an exchange of drugs for guns constitutes "use" under 18 U.S.C. § 924(c). *United States v. Ulloa*, 94 F.3d 949, 956 (5th Cir. 1996); *United States v. Harris*, 39 F.3d 1262, 1269 (4th Cir. 1994). Accordingly, the district court's application of the four-level enhancement under § 2K2.1(b)(5) was not in error, and we therefore affirm each of the sentences imposed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*